FILED
MARCH 5, 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JINGSONG XIA, | |
| Plaintiff, | Case No. |
| v. | Civil Action |
| MICHAEL CHERTOFF, Secretary of U.S. Department of Homeland Security; MICHAEL B. MUKASEY, U.S. Attorney General; EMILIO T. GONZALES, Director, United States Citizenship and Immigration Services; RUTH DOROCHOFF, District Director, Chicago, Illinois, Citizenship & Immigration Service; F. GERARD HEINAUER, Director, Nebraska Service Center; ROBERT S. MUELLER, III, Director, Federal Bureau of Investigation. | **08 C 1341**<br><br>**JUDGE GOTTSCHALL**<br>**MAGISTRATE JUDGE ASHMAN** |
| Defendants. | |

## COMPLAINT FOR WRIT OF MANDAMUS AND
## PETITION FOR HEARING ON NATURALIZATION APPLICATION

NOW COMES the Plaintiff, Jingsong XIA ("Xia"), by and through his attorneys, AzulaySeiden Law Group, and respectfully petitions this Court for a hearing on his Naturalization Application, and in support thereof, states as follows:

### STATEMENT OF ACTION

1. This action is brought to compel action pursuant to 8 USC §§ 1446 &1447 (Sections 335 & 336 of the Immigration & Nationality Act) on an Application for Naturalization ("N-400") properly filed with the United States Citizenship and Immigration Services ("USCIS") by Xia in accordance with the requirements of 8 USC § 1445 (Section 334 of the Immigration & Nationality Act). Defendants' unreasonable delay in adjudicating the application has worked to

detriment Xia.

## JURISDICTION AND VENUE

2. This Court has jurisdiction pursuant to 8 USC § 1447(b) and Immigration and Nationality Act ("INA" or "the Act") Section 336(b). These provisions specifically provide for judicial review when USCIS fails to make a decision on a naturalization application within 120 days after examination. This Court has original jurisdiction to hear both civil actions arising under the laws of the United States and actions to compel an officer or employee of the United States or any agency thereof to perform a duty. 28 USC §1331; 28 USC §1361. This Court also has jurisdiction to grant declaratory relief pursuant to 28 USC §§2201-2202.

3. This action is brought to compel Defendants, who are officers of the United States, to perform their duties arising under the laws of the United States. Pursuant to the Administrative Procedures Act, 5 USC §701 *et seq.*, this Court has jurisdiction to hear actions arising from claims that an agency, officer, or employee of a government agency failed to act in its, his, or her official capacity and the person to whom the duty was owed suffered a legal wrong.

4. This action invokes Xia's right of due process under the Fifth Amendment of the United States Constitution, over which this Court maintains jurisdiction. This action is brought due to the failure of Defendants to perform their duty to adjudicate Xia's N-400 Application for Naturalization under Section 334 of the Act within a reasonable amount of time. Failure to adjudicate said application has resulted in harm to Xia.

5. Venue is proper in the Northern District of Illinois because Xia resides in the Northern District of Illinois, a substantial part of the activities complained of occurred in the Northern District of Illinois, and this is an action against officers of the United States and their

official capacities.  28 USC §1391(e).

6. This Court also has jurisdiction to award Xia reasonable attorney's fees pursuant to the Equal Access to Justice Act, 28 USC §2412, for failure of the Defendants to perform their duties within the statutory time period

## PARTIES

7. Xia is a native and citizen of China, who has been a Lawful Permanent Resident since March 18, 1998.  A true and correct copy of Xia's permanent resident card is attached hereto as **Exhibit A**.  He has continuously resided in the United States, has satisfied the residency requirements for naturalization, has been a person of good moral character, and has demonstrated and passed all requirements (knowledge of the English language, U.S. government and history) required by INA § 316, 8 USC. §1427.

8. Defendant Michael Chertoff ("Chertoff") is the Secretary for the Department of Homeland Security ("DHS") and is being sued in his official capacity.  Pursuant to the Homeland Security Act of 2002, Pub. L. 107-296, Defendant Chertoff, through his delegates, has authority to adjudicate naturalization applications filed with USCIS to accord applicants citizenship under the provisions of §335 of the INA, 8 USC §1446.

9. Defendant Michael B. Mukasey ("Mukasey") is the Attorney General of the United States and is being sued in his official capacity.  Mukasey is authorized to promulgate regulations governing the implementation and administration of the Immigration and Nationality Act pertaining to the naturalization of legal resident aliens and other qualified aliens.

10. Defendant Emilio T. Gonzales ("Gonzales"), the Director of the United States Citizenship and Immigration Services, is being sued in his official capacity only.  His Under

Secretary position within the Department of Homeland Security charges him with supervisory authority over federal and contract employees who are responsible for the processing of immigration benefits.

11.     Defendant Ruth Dorochoff ("Dorochoff") is the District Director of Chicago USCIS and is being sued in her official capacity only.  Dorochoff is charged with supervisory authority over all of Chicago USCIS operations and USCIS agents and officers acting in their official capacity.

12.     Defendant F. Gerard Heinauer ("Heinauer") is the Acting Director of the USCIS Nebraska Service Center and is being sued in his official capacity only.  Heinauer is charged with supervisory authority over all of the Nebraska USCIS operations where Xia's application is currently pending.

13.     Defendant Robert S. Mueller, III ("Mueller") is the Director of the Federal Bureau of Investigation ("FBI") and is being sued in his official capacity.  Mueller is charged with supervisory authority over all of FBI operations and FBI agents and officers acting in their official capacity.

## EXHAUSTION OF REMEDIES

14.     Xia has exhausted all administrative remedies.  Xia has made numerous inquiries concerning the status of the application and Defendants maintain that due to FBI name checks pending, they cannot proceed with Xia's case.

## CAUSE OF ACTION

15.     Xia filed Form N-400, Application for Naturalization with the USCIS on or about March 24, 2003 pursuant to §334 of the Immigration Act of 1990, Pub. L. No. 101-649, 104 Stat.

4978, 8 U.S.C. §1445.

16. Xia followed the appropriate procedures for the naturalization process. Xia attended a biometrics appointment on March 30, 2003. A true and correct copy of Xia's Finger Print notification and DBI TENPRINTER Applicant Information Worksheet is attached hereto as **Exhibit B**.

17. On or about December 15, 2003, Xia appeared for his Naturalization Interview conducted by USCIS Officer Piraka. At his scheduled interview, Xia passed the test of English and US history and government, and he was recommended for approval. A true and correct copy of the Naturalization Interview Results sheets is attached hereto as **Exhibit C**.

18. Xia waited for a notice from the Chicago District Office after the interview. After about twelve months of waiting for a decision, he called the Chicago District Office. He was informed that his N-400 application remained pending because the FBI name check had not cleared.

19. On or about October 2, 2005, (almost 21 months after his interview), Senator Richard J. Durbin ("Senator Durbin") submitted a Congressional Status Inquiry Form to the Chicago District Office on behalf of Xia. A true and correct copy of this Congressional Status Inquiry Form is attached hereto as **Exhibit D**.

20. On or about October 19, 2005, Michael M. Comfort, former District Director of the Chicago District Office, informed Senator Durbin's office that the FBI name check for Xia had not been completed. A true and correct copy of this correspondence is attached hereto as **Exhibit E**.

21. Xia then waited well beyond the 90 day period to contact the USCIS Citizenship

Division again regarding his pending case. On March 5, 2007, Senator Barack Obama submitted a Congressional Status Inquiry Form to the Chicago District Office on behalf of Xia. In response to the inquiry, Ruth A. Dorochoff, former District Director, indicated that the background investigation conducted by the FBI had not been completed. A true and correct copy of this correspondence is attached hereto as **Exhibit F.**

22. Finally, on or about October 25, 2007, Xia submitted through counsel an electronic inquiry to the USCIS Chicago District Office, requesting the immediate adjudication of his case, or, in the alternative, the status of his pending application. A true and correct copy of this email is attached hereto as **Exhibit G.**

23. USCIS responded on December 11, 2007, indicating again that his background check had not been completed. A true and correct copy of this correspondence is attached hereto as **Exhibit H.**

24. There has not yet been a decision on Xia's N-400 Application, despite the fact that it has been pending since March 24, 2003, approvable since December 15, 2003, and throughout that time numerous inquires have been made with the USCIS.

25. INA Section 336 (b), 8 U.S.C.S. §1447(b) states in pertinent part:

> (b)    If there is a failure to make a determination under [INA] §335 [8 U.S.C. §1446] *before the end of the 120 day period after the date on which the examination is conducted* under such Section, the applicant may apply to the United States District Court for the District in which the applicant resides for a hearing on the matter. Such court has jurisdiction over the matter and may either determine the matter or remand the matter, with appropriate instructions to the Service to determine the matter.

[(emphasis added)].

26. The majority of courts to consider the issue have determined that the

"examination" referred to in 8 USCS §1447(b) is the initial naturalization interview. *See U.S. v. Hovespian*, 359 F.3d 1144, 1151 (9th Cir. 2004); *See also, Castracani v. Chertoff*, 377 F. Supp. 2d 71 (D.C. Cir. 2005); *Angel v. Ridge*, 2005 U.S. Dist. LEXIS 10667 (S.D. Ill. 2005); *Daour v. Chertoff*, 2005 U.S. Dist. LEXIS 18325 (W.D. Pa. 2005).

27.     Further, jurisdictions to recently consider the issue were so disturbed by the lack of good cause in the length of the delay that they ordered DHS to administer the oath by a certain date. *See Vladimirovna v. Gonzales*, 2007 U.S. Dist. LEXIS 28993 (N.D. Cal. 2005) (ordering Chertoff or his designated officer to administer the oath after the termination of a 60- day stay on the order); *Al Salah, et al. v. USCIS Detroit*, 2007 WL 925693 (E.D. Mich. 2007) (directing the CIS to render its decision within 120 days of the order); *Hassan v. Chertoff*, No. 07-142-RGK (C.D. Cal. May 4, 2007) (directing CIS to render a decision by the end of September 2007); *Al Mohammed v. USCIS*, 2007 U.S. Dist. LEXIS 49174 (E.D. Mich. 2007) (directing USCIS to render its decision within 120 days of the order); *Jones v. Gonzales*, 2007 U.S. Dist. LEXIS 45012 (S.D. Fla. June 21, 2007) ("no agency responsible for resolving matters of public interest should be free to let those matters pend in perpetuity"); *Naos v. Swacina*, No. 07-20724 (S. D. Fla. June 27, 2007) (ordering USCIS to adjudicate Plaintiff's application within 120 days); *Al-Farisi v. Mueller*, 2007 U.S. Dist. LEXIS 43273 (S.DN.Y. June 14, 2007) (ordering: (1) the FBI to report the results of the plaintiff's name check within 30 days of the order; (2) USCIS to adjudicate the petition within 30 days of receiving the FBI's report; and (3) to swear the plaintiff in within 30 days thereafter).

28.     Pursuant to §336, 8 USC §1447, Dorochoff was required to make a determination on Xia's application for naturalization within 120 days following examination. That said period has long since expired, having lapsed April 13, 2004.

29.　　Defendants' refusal to act in this case is arbitrary and not in accordance with the law. Defendants have willfully and unreasonably delayed the adjudication of and withheld a decision on Xia's application. The Defendants' delay in the processing of Xia's application has further deprived him of his right to due process under the law as provided by the Fifth Amendment to the United States Constitution.

## REQUEST FOR RELIEF

WHEREFORE, Xia prays that this court grant him the following relief:

A. Assume jurisdiction over the case and naturalize him under the terms of 8 USC § 1447(b);

B. Grant him citizenship pursuant to his application for naturalization, or, alternatively, order Defendants to adjudicate his application within 60 days;

C. Award Xia reasonable attorney's fees pursuant to the Equal Access to Justice Act, 28 USC §2412, for failure of Defendants to perform their duties within the statutory time period; and

D. Such other relief at law and in equity as justice may so require.

Respectfully submitted,

s/Taiyyeba Safri
_____
Taiyyeba Safri

Taiyyeba Safri
AZULAYSEIDEN LAW GROUP
Counsel for Plaintiff
205 North Michigan Avenue, 40th Floor
Chicago, Illinois 60601
312.832.9200